182929, and we'll proceed with the oral argument right away. May it please the Court, Louis Thaler here on behalf of Linda Coyle, the appellant and plaintiff below. This is that trip-and-fall case at JFK in the TSA checkpoint over a whirler bag which got caught on a mat that the TSA had placed by the conveyor. at the checkpoint. Appellant's briefs, the initial and the reply brief, did not do a good job of crystallizing the issues before this Court. And although I touched on many things like burden and notice and triviality, it was actually this Court that pointed out the Hutchinson v. Sheridan Hill case and asked for letter briefs, which we submitted after the first oral argument was adjourned. And it became clear, and I was focused on the facts of the case, and it became clear that there are not only factual issues, but there's legal issues that are set forth in Hutchinson, and I could actually read the Hutchinson case to you, which I will not do, to demonstrate the error below. The lower court focused on the plaintiff's burden and shortcomings, but it's the defendant that didn't meet the burden of showing triviality of the mat or the defect in question. Before we get to triviality, can you clarify what the alleged defect is? So in the Hutchinson cases, you know, there was a piece of metal that was sticking out, and then there was in one of them I think there was like a chip in the stairs and then a lump in the stairs. What's the sort of issue that we're talking about? It was a black anti-fatigue mat that is used for TSA agents to stand on because they're standing all day that was placed at the end of the conveyor on a black floor that caused a raised surface, so then when Linda Coyle took her roller bag off and started to propel herself up. Why is that a defect or irregularity? Because, first of all, the mat was not supposed to be there, and second of all, there was absolutely no way that... Yeah, but the question is, at final judgment, it is up to you to demonstrate that this fact constituted negligence. The question is, at a primary level, whether it is enough in New York for you to show that an accident happened because of a circumstance, a slip and fall, and you show credibly that that was the cause, and if then in New York the burden of showing that this was trivial shifts to the defendant. That is, whether at the initial level you have to show something about something being a defect or whether on the New York cases all you have to show is that this happened, and then they have to show, in order to get summary judgment, that it was trivial. And I have not found, and I will ask the other side, a single New York case in which the judgment was made for the defendants on the ground that nothing called a defect was found. That is, defect here does not mean the same thing as defect in a product liability case. All the plaintiff, as far as I can tell in New York, has to show an accident happened and I was injured, and then defendant has to show it's trivial. Now, that may be strange, but that is, as far as I can tell, what New York law is. It was my understanding that under Hutchinson it is actually the defendant's burden to show that it was physically insignificant and that the characteristics or conditions surrounding the circumstances didn't increase the risk of something being trivial. Breyer. In each one of the cases in Hutchinson, is it not the case that there was some form of irregularity? Yes, and there is. Alleged irregularity. Yes. And Hutchinson actually cites a case involving a temporary dance floor that had a difference in height in which the summary judgment was denied, even though it might be the irregularity that you're citing is the difference in height? Yes. A black mat on a black floor. And there's photos that were taken after the fact that demonstrate the black mat on the black floor. Now, those mats have yellow borders, which was a change they made, obviously, because of the height. And yet you, in your response to your opposition to the summary judgment motion made by the government, you say on page 13, the concern here is not height, not the height of the defect. It is how the rubber mats articulated with the floor and the wheels of the plaintiff's new roller bag. Correct. From Hutchinson and many cases after, the whole thing has been dimensions alone are not the only factor here. It's the circumstances surrounding the condition. We won't call it a defect. Call it a condition that increased the risk. And those circumstances involved her going through a checkpoint. But if the concern is not the height of the defect, then what's the concern? That it's in an area where the articulation. Yeah. Well, if you look at Hutchinson, they cite a string of cases prior to them where a small defect condition is actionable because the location is such as a parking lot, a premises entrance exit, a heavily traveled walkway, a place where pedestrians are naturally distracted. So here, that's what we have. We have a situation where she's going through a checkpoint. She has only one way to go. She has to go off that conveyor and go into where the gates are. And this was an obstacle in her path that should not have been there because there's no TSA agent service that could have been performed standing there. He'd actually be blocking the path unless he's helping with the luggage, which was not the case. So in terms of her path, she had nowhere else to go. It's normal or typically human behavior, which is described in some of these cases, of you go through the checkpoint, you put your roller bag on, and you start to wheel it away. And there was something that you... This black mat on a black thing was sufficiently, was the cause of her falling and was dangerous. Yes. And your claim is that that is enough by itself to put the burden on the defendant to show that it was trivial. Well, again, I'm reading Hutchinson to say that the defendant has to prove it's physically insignificant and the characteristics or condition surrounding circumstances do not increase the risk. And only then is the language, does the burden shift to the plaintiff to establish an issue of fact. Yeah. What is the... Can you just point out in the appendix to either the testimony of Ms. Goyle or some other evidence that she knew that that particular mat was what caused the fall? Yes. What happened was, the way she testified was that she felt something get caught. She didn't know what it was. She fell onto her face and she was bleeding. And the TSA agents took her to a bench. Speak in the microphone, please. Took her to a bench. And at that point, she looked back at the scene, because she had about 10, 15 minutes because they were doing an incident report, to look. And she saw the mat there. Then, pursuant to an inspection of the scene, we took photographs. And then she identified at a later date, well, those look like the mats that were there. Look. Maybe it's another point about how we are to view this testimony. But she says, I did not personally inspect that area. Right. Because she was already on the bench towards the boarding gates. So she was able to see it. Go back and actually go over and inspect the actual area. I did not. No, no. I don't think she'd be allowed to. She can't retreat and wander around a TSA checkpoint. And what we're missing is the incident report. We have witnesses. They said they did an incident report. They never located the incident report. And there's also video surveillance of the scene, which they say they don't have. They've denied that there was even an incident. And that's why we had to take depositions of her companion to say, yeah, it happened in there. There's a photograph of her at the gift shop and all that. But the presumption here is that if we had an incident report, we know the witnesses. This case originally was filed in Florida, as we were permitted to do. And they moved to change venue because all the witnesses were New York. And about a year later, the Southern District Judge transferred venue. Is that the issue in this case on which you think it would be appropriate to certify? No. After Hutchinson? No, I don't. I think it's a run-of-the-mill trip-and-fall case where we're missing evidence. We're missing the evidence. I don't know that we would be here. Well, no, we had a videotape of the incident, which they said they had taken. Don't worry, Ms. Coyle, we've got it all on videotape. Then we wouldn't be here. And if they had an incident report, we might have the names of some witnesses. But it's really her story. Her companion didn't actually see the actual fall. She saw her on the floor. And she saw the luggage there, so she figured she tripped over the luggage. But she was not very helpful. If you get by summary judgment, then ultimately at trial, the burden comes back to you to show that this thing was negligent. That is, at trial, the burden is yours to show that leaving this black mat there is negligent, and if you do not show it adequately enough, the court may direct a verdict against you. Correct. But that's at trial as against at the initial stage. What is the prima facie case that the defendants have got to make in your view? I can read it verbatim that the defendant, to show triviality, we're making both a prima facie case showing the condition was not only physically insignificant, but that the characteristics of the condition or the surrounding circumstances do not increase the risks. Only then does the burden shift to the defendant. That's summary judgment, according to New York. Only then does it shift to the plaintiff, you say. Right, right. And then there's value judgment being made by the lower court about, without assessing her credibility, she's not testifying before the lower court. And then there's a whole issue of the, there's no doubt, I will be able to prove, that rubber mat was not made for people to put roller bags over. It was there for TSA agents to step on. They have another mat with footprints. That's not the mat in question, which is a thin mat. This is a thick, almost one-inch, I know we're not supposed to get dimensions, and we don't know. All these cases after Hutchinson say, if you don't know the dimensions, it's an issue for the trier of fact. And we don't have anybody that knows exactly how thick that mat is. They're guessing it was a little bit less than an inch. We don't have photographs of the actual scene, which we thought we did, because they didn't issue a report and they had a video. And that's why I believe this is just fact and legally intensive, and we should have a trial on the merits. Thank you. Is that my over? You can reserve the minute. We'll hear from your friend on the other side. May it please the Court. I'm Matthew Mayhew from the United States Attorney's Office for the Eastern District of New York, representing the United States in this appeal. The district court properly granted summary judgment in the United States' favor. Coyle fails to demonstrate that government negligence caused her injuries. Look, let me be quite blunt. Do you have, can you find me, a single New York case in which when somebody has a slip and fall and said that they slipped and fell because of a particular reason, judgment was given at that stage for the defendant because what the plaintiff showed was not sufficiently something wrong? See, as I read the New York cases, and I've been reading them a long time, what they say is when somebody says, and that's a question, that they slipped and fell because of a condition. While the cases use the word defect, the moment they say that, the burden shifts to the defendant to show that the condition was trivial at the time. And then very often judgment is given for the defendant because showing triviality is a relatively simple thing. The problem for me in this case is that there is no showing of triviality at the time. The defense only came in with things five years later. If they don't show triviality at the time, as I read the New York cases, it then goes to trial, but then the burden is on the plaintiff to show negligence, and if they don't show that the wrong was serious enough, you get summary, you get directed verdict. But at this initial stage, the New York law is they show that they fell. You have to show it's trivial. And can you cite me a single case where the defendant wins because what the plaintiff showed was not enough at that first stage? And that's, you know, it's not that I particularly think that's sensible law or not, but just that if this case were in New York, as I read it, it comes out to get by this first stage. And there is a distinction between a condition and a defect, Your Honor, respectfully. And this case is one where you have a floor mat on the floor. So the floor mat on the floor does not rise to a defect or a defect. And you show me a single case in which on that ground the defense wins. As you know, you'd think you'd have hundreds of them in New York where somebody falls because what was there was not sufficiently wrong. But all the cases in New York, at least I haven't found the case that where somebody slips and falls, there is a judgment that when somebody slips and falls, what they showed was not enough. There are millions of cases which show, in fact, have written several summary orders in cases where when the defense comes in and says it's trivial, that's enough to be trivial. But there are cases, Your Honor, and they're cited in the United States brief at 14 and 15, that establish that not every fall is the result of negligence and not every mere stubbing of the toe. Of course. At ultimate trial, there are any number of directed verdicts because the plaintiff hasn't met his burden at trial. They have been granted at the summary judgment stage, Your Honor. And here the distinction is we have a floor mat on the floor, and plaintiff points to nothing about that floor mat other than its mere existence as creating a defect. And that's insufficient to establish a defect under New York law. Is it right that in Hutchinson, that is the case that involves three consolidated cases, each one of the plaintiffs articulated a defect? That's exactly correct, Your Honor. So in Hutchinson, you have a piece of metal that's protruding from a sidewalk. You have a nose that's missing from the front of a stairwell where a person might not be looking down, or you have an unspecified bump in the middle of a stairwell. There's no case, at least in the context of Hutchinson or its predecessor cases, where all the plaintiff did was, or alleged was, I fell and got hurt. That's correct. There's invariably a defect or irregularity that's identified by the plaintiff. Is that correct? That's correct, Your Honor. And that's the case. The Metropolitan Division of the New York Court of Appeals never had to grapple with this issue. I think that's correct, Your Honor. What was the defect, so-called defect, in Pitt? I'm sorry, Your Honor. That's the dance floor case. Somebody slipped on a dance floor. Yes. Cited in Hutchinson. Yes. So somebody slipped on a dance floor. And that's enough. But here it's not that there's anything wrong with the format in and of itself. It's plaintiff surmises that she fell as a result of her suitcase's interaction with the format, as a result of her going through the TSA security screening checkpoint. And as Hutchinson states, you have to look at the factors surrounding where that defect were. Well, there could be an argument that she didn't say adequately that she fell before the mat. If we didn't know why she fell, that would be different. The question is, is her testimony, not immediate, but after, I fell because the wheels got caught in the mat enough to get to this initial point in New York law? As I read New York law, it is up to the plaintiff to say, I fell because of a condition. At that point, it becomes the defendant's burden at this stage to show the condition is trivial. If a defendant does not show the condition is trivial, you proceed. And at that point, it is the plaintiff's burden to show that the condition was negligent at that point, at trial. And if they don't show it, directed verdict. But here, if they showed that she fell because the wheels getting caught in the mat, seems to me that you've gotten by that first step. And that in any New York, if this case were being tried in New York, it wouldn't be you wouldn't have the issue, you wouldn't be here. In this FTCA case that's tried directly to the bench, everything is credited with respect to how Coyle fell. Everything is credited with respect to there being a mat, and it was the interaction of the mat and the suitcase that caused Coyle to fall. And respectfully, there's nothing more to be done if summary judgment were overturned. Because this is not a case, although there's some discussion of the case that Coyle fell. Sotomayor, are you saying that you are crediting that that is the cause of the fall? For purposes of summary judgment, we're crediting that it's the interaction of a mat and plaintiff's suitcase that caused her to fall. I thought you — I thought that was so. And if that is so, it seems to me in New York that's the end of the case. You could have argued that that wasn't so, but you conceded that. I mean, I think the point is you could have argued based on the testimony of Ms. Coyle that that was not so. Correct. But for purposes of — for purposes of this, we're giving Coyle credit that a mat existed on the floor, that it was a TSA mat, and that it was the interaction of the mat and the suitcase that caused her to fall. With respect to a videotape or any sort of incident report, you know, it's that information that would have been gleaned from those that — that we're crediting her with fully here for summary judgment. So those are non-issues on appeal. Are these issues of this burden-shifting issues, do you agree that those are binding on us under Rule 56? There is a Southern District case where Vasquez, which is cited by the district court, which suggests that the procedural rules of Federal district court would go to the burden-shifting, and as a result, the New York State rules with respect to burden-shifting and it becoming the defendant's burden to establish that there's a trivial defect would not apply. Thank you. Briefly, the — there was a dance floor case which is cited by Hutchinson — Speak in the microphone. Oh, sorry. There was a dance floor case cited by Hutchinson Poliozana v. Culinary Institute of America decided in 2018, and in that situation, there was a temporary dance floor that was set up for a venue, the event, and there was a beveled edge that was not seen. So it's the same thing. It couldn't have been 2018. Hutchinson is 2015, no? Right. No, this is — oh. It was — yeah, it was after — it cites a Hutchinson. Oh, it cites two Hutchinsons. I'm sorry. Yeah, it's — yeah. I'm sorry. Yeah, it cites two Hutchinson. And then what we are talking about is a mat that is not intended to be rolled over or walked over in a busy TSA checkpoint. It was for TSA agents to stand on. It was an anti-fatigue, thick rubber mat that caught her roll her back. Thank you. Thank you very much, Board of Reserves decision. That concludes today's oral argument calendar. And — We have no more work? The court is adjourned.